UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRENCE R. VANCE,

    Petitioner,

        v.                                                                Civil No. 15-cv-1150-JPG

UNITED STATES OF AMERICA,                          Criminal No 09-cr-40070-JPG

    Respondent.

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Terrence R. Vance's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). The Court of Appeals for the Seventh Circuit authorized Vance to file this successive petition on September 29, 2015 (Case No. 00-cr-40070-JPG, Doc. 101). Vance has also filed a motion for bond pending resolution of his amended § 2255 motion (Doc. 5).

    On March 16, 2010, the petitioner pled guilty to two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). At the petitioner's sentencing on September 17, 2010, the Court found that the petitioner was a career offender based on one prior conviction for a crime of violence (stealing from a person) and one prior conviction for a drug crime (distribution of a controlled substance). *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2009). The Court sentenced the petitioner to serve 262 months in prison. The petitioner appealed, and the Court of Appeals affirmed the Court's decision, *United States v. Vance*, 659 F.3d 613 (7th Cir. 2011), but the Supreme Court vacated the judgment and remanded for resentencing in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012) (finding the Fair Sentencing Act of 2010 applied to a defendant sentenced after enactment even if the offense of conviction occurred before enactment). *Vance v. United States*, 133 S. Ct. 65 (2012).

    On remand, the Court held a new sentencing proceeding on November 20, 2012. The Court again found the petitioner to be a career offender based on the same prior convictions and sentenced him to serve 200 months in prison. The petitioner again appealed, and on August 20, 2013, the Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. *United States v. Vance*, 527 Fed. App'x 568 (7th Cir. 2013). The petitioner did not seek a writ of

*certiorari* from the Supreme Court.

On October 19, 2015, the petitioner filed a *pro se* § 2255 motion (Doc. 1). The Court appointed him counsel, and on October 28, 2016, counsel filed an amended § 2255 motion (Doc. 4). In the amended motion, the petitioner raises the following claim:

- Vance's due process rights were violated by application of the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), to find his prior conviction for stealing from a person was a "crime of violence" supporting career offender status. *See United States v. Hurlburt*, No. 14-3611 & 15-1686, 2016 WL 4506717, *7 (7th Cir. Aug. 29, 2016) (*en banc*; holding on direct appeal that application of career offender residual clause was due process violation because it was unconstitutionally vague).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has performed a preliminary review of the amended § 2255 motion and has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief. Accordingly, the Court **ORDERS** the Government to file a response to the petitioner's amended § 2255 motion (Doc. 4) and motion for bond (Doc. 5) within **SIXTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The petitioner shall have **THIRTY DAYS** from the filing of the Government's response to file a reply.

**IT IS SO ORDERED.**
**DATED: November 2, 2016**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**