UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRENCE R. VANCE,

      Petitioner,

             v.                       Civil No. 15-cv-1150-JPG

UNITED STATES OF AMERICA,        Criminal No 09-cr-40070-JPG

      Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Terrence R. Vance's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 4).   The Court of Appeals for the Seventh Circuit authorized Vance to file this successive petition on September 29, 2015 (Case No. 00-cr-40070-JPG, Doc. 101).   The Government has responded to Vance's amended § 2255 motion (Doc. 9), and Vance has replied to that response (Doc. 12).   Following the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the Government filed a supplemental brief discussing the impact of that case (Doc. 15).   The Court also considers Vance's motion for bond pending resolution of his amended § 2255 motion (Doc. 5), to which the Government has responded (Doc. 8), and Vance has replied (Doc 13).

In its preliminary review of Vance's amended § 2255 motion, the Court set forth the history of this case:

> On March 16, 2010, the petitioner pled guilty to two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).   At the petitioner's sentencing on September 17, 2010, the Court found that the petitioner was a career offender based on one prior conviction for a crime of violence (stealing from a person) and one prior conviction for a drug crime (distribution of a controlled substance).   *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2009).   The Court sentenced the petitioner to serve 262

months in prison.   The petitioner appealed, and the Court of Appeals affirmed the Court's decision, *United States v. Vance*, 659 F.3d 613 (7th Cir. 2011), but the Supreme Court vacated the judgment and remanded for resentencing in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012) (finding the Fair Sentencing Act of 2010 applied to a defendant sentenced after enactment even if the offense of conviction occurred before enactment).   *Vance v. United States*, 133 S. Ct. 65 (2012).

On remand, the Court held a new sentencing proceeding on November 20, 2012.   The Court again found the petitioner to be a career offender based on the same prior convictions and sentenced him to serve 200 months in prison.   The petitioner again appealed, and on August 20, 2013, the Court of Appeals granted counsel's motion to withdraw and dismissed the appeal.   *United States v. Vance*, 527 Fed. App'x 568 (7th Cir. 2013).   The petitioner did not seek a writ of *certiorari* from the Supreme Court.

Mem. & Ord. at 1-2 (Doc. 7).

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In his amended § 2255 motion, Vance argues that his due process rights were violated when the Court applied the residual clause of the career offender ("CO") guideline to find his prior conviction for stealing from a person was a "crime of violence" supporting career offender status, and thus a higher guideline sentencing range.   The CO guideline states, in pertinent part, that a prior offense is a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use

of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (emphasis added to residual clause).

Vance's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional.   *Id.* at 2563.   This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges.   *Id.* at 2557.   In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the CO residual clause to support CO status, thereby increasing the guideline sentencing range, is also unconstitutional.   *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges.   *Beckles*, 2017 WL 855781, at \*6.   This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."   *Id.*

*Beckles* forecloses Vance's argument that he is entitled to § 2255 relief.   There was nothing unconstitutional about the Court's using the CO residual clause to find Vance's prior conviction for stealing from a person was a crime of violence and increasing his guideline sentencing range accordingly.   This is because the Court's guideline range findings did not fix the sentencing range but merely guided the Court's discretion within the fixed statutory sentencing range.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the

Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).   The Court finds that Vance has not made such a showing and, accordingly, declines to issue a certificate of appealability.

For this reason, the Court **DENIES** Vance's amended § 2255 petition (Doc. 4), **DECLINES** to issue a certificate or appealability and **DIRECTS** the Clerk of Court to enter judgment accordingly.   In light of this ruling, the Court **DENIES** Vance's motion for bond (Doc. 5).

**IT IS SO ORDERED.**
**DATED:   March 21, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4